CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
October 29, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
   DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **DESTINED GEORGE,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:24CV00586 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **LT. PHIPPS, ET AL.,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendants. | ) | |

*Destined George, Pro Se Plaintiff.*

The plaintiff, a Virginia inmate proceeding pro se, has filed a civil rights action under 42 U.S.C. § 1983. He alleges that the defendants, eight officials employed at Red Onion State Prison, used excessive force against him and failed to provide him with medical attention. George does not state the date of these occurrences or provide any details about the circumstances, the force used, or the injuries for which he believes he needed medical treatment. He also does not describe the personal actions undertaken by any defendant. As relief in this case, George seeks compensatory damages.

George has not prepaid the necessary filing costs to proceed with a civil rights action, so he is apparently requesting in forma pauperis status under 28 U.S.C. § 1915(b), which allows qualifying inmates to pay the filing fee through

installments from their inmate trust accounts. I conclude that he does not qualify to proceed without prepayment of filing costs because of his prior frivolous filings in federal courts. Accordingly, I will summarily dismiss this lawsuit under 28 U.S.C. § 1915(g).

Under the Prison Litigation Reform Act of 1995, all prisoner litigants must pay filing fees in full, either through prepayment or through installments withheld from the litigant's inmate trust account. § 1915(b). Section 1915(g) denies the installment payment method to prisoners who have "three strikes" — those prisoners who have had three previous cases or appeals dismissed as frivolous, malicious, or for failure to state a claim — unless the three-striker inmate shows "imminent danger of serious physical injury."

George has brought such actions on at least three prior occasions, including *George v. Clevinger*, No. 7:21CV00517 (W.D. Va. Nov. 23, 2022) (motion to dismiss under Fed. R. Civ. P. 12(b)(6) granted); *George v. Colley*, No. 7:23CV00014 (W.D. Va. Aug. 9, 2023) (summarily dismissed under 42 U.S.C. § 1997e(c)); and *George v. Neeley,* No. 7:23CV00818 (W.D. Va. May 9, 2024) (summarily dismissed under 42 U.S.C. § 1997e(c)). Accordingly, George may not proceed without prepayment of the filing fee unless he has shown that he is in imminent danger of serious physical injury. § 1915(g).

The "imminent danger" exception to § 1915(g)'s "three strikes" rule only applies when the inmate plaintiff seeks relief from and demonstrates a danger that is imminent at the time he files the complaint. *Chase v. O'Malley*, 466 F. App'x 185, 186 (4th Cir. 2012) (unpublished) (citing *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (finding that exception "focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct"). George alleges no impending, serious physical danger from the alleged uses of excessive force or delays of medical treatment that all occurred in the past.

For the stated reasons, I cannot find that George is eligible to proceed under the § 1915(g) exception without prepayment of filing costs. Because he has not prepaid the $350 filing fee or the $52 administrative fee required to bring a civil action in this court, I will dismiss the Complaint without prejudice.

A separate Final Order will be entered herewith.

DATED:   October 29, 2024

/s/  JAMES P. JONES  
Senior United States District Judge